**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND BOLT, | No. 14-35083 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01660-MO |
| v. | MEMORANDUM* |
| MARK NOOTH, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 4, 2015
Portland, Oregon

Before: FLETCHER and HURWITZ, Circuit Judges, and WALTER, Senior District Judge.**

Appellant Raymond Onward Bolt appeals the district court's dismissal of his application for *habeas corpus* relief under 28 U.S.C. § 2254. Bolt claims that his Sixth-Amendment right to effective assistance of counsel was violated when his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

attorney allowed him to plead guilty on the afternoon before trial without insisting that Bolt undergo a mental capacity examination that had been ordered that morning.

In order to succeed on his ineffective-assistance claim, Bolt must establish that the state post-conviction review court, which rejected Bolt's ineffective-assistance claim, unreasonably concluded: (1) that his attorney's actions did not fall below an objective standard of reasonableness; and (2) that any deficient performance did not result in prejudice. *Harrington v. Richter* 562 U.S. 86, 104–05 (2011) (discussing the analysis that federal courts must apply to an ineffective-assistance claim under 28 U.S.C. § 2254(d) when the claim has been adjudicated on the merits in state court); *see also Strickland v. Washington*, 466 U.S. 668 (1984). We conclude that Bolt has not demonstrated that the post-conviction review court's determinations were unreasonable.

On the day before trial was set to commence in Lane County Circuit Court, Bolt appeared before Judge Maurice K. Merten for a status hearing during the court's morning session. At the hearing, Judge Merten learned that Bolt had attempted suicide the night before and that he was refusing to speak to his lawyer. When Judge Merten asked Bolt why he would not speak to his lawyer, he answered "I don't want to be alive." He also mentioned that he was upset at his

lawyer for failing to do anything about an alleged threat made to Bolt's daughter. Apparently, a relative of Bolt's ex-girlfriend—the victim in this case—threatened Bolt's daughter when she attempted to retrieve Bolt's belongings from the victim's residence. In light of Bolt's responses, Judge Merten ordered a competency examination under Or. Rev. Stat. § 161.360. Judge Merten directed that the exam should be done by day's end if possible and that trial would commence as scheduled the following day.

Immediately after the morning hearing, Bolt indicated to his attorney that he wished to plead guilty. Accordingly, Bolt and his attorney reappeared that afternoon before Judge Charles Carlson, the only judge available to take the plea at that time. When Judge Carlson asked Bolt whether anyone had coerced him into pleading guilty, Bolt again mentioned the above-described threats allegedly made to his daughter. Judge Carlson then stated that he would not go forward with sentencing until he was satisfied that the plea was free and voluntary. At that point, the prosecution made it clear that it would seek a sentence of 240 months if a jury convicted Bolt, and that the state's outstanding plea offer of 180 months would expire at the end of the day. After conferring with his client, Bolt's counsel clarified for the court that the previously described threats were unrelated to plea negotiations or Bolt's decision to plead guilty. After confirming this with Bolt,

3

Judge Carlson proceeded to accept Bolt's guilty plea. At the conclusion of the plea hearing, with the agreement of counsel, Judge Carlson vacated Judge Merten's earlier order for a mental competency exam.

Based on these facts, it was reasonable for the post-conviction review court to conclude that Bolt's counsel was not ineffective in allowing Bolt to enter a guilty plea without waiting for a competency determination. Counsel's decision to allow Bolt to accept the plea deal that afternoon ensured that Bolt received a sentence of 180 months. Had counsel insisted that the competency examination take place, he risked losing the offer of a 180 month sentence and potentially exposing Bolt to a sentence of 240 months. Importantly, the issues surrounding Bolt's competency did not concern whether Bolt should be found "guilty except for insanity" under Or. Rev. Stat. § 161.295, but rather whether Bolt had the present ability to aid and assist with his defense at trial under Or. Rev. Stat. § 161.360. Thus, even if the competency examination had taken place and Bolt had been found incompetent to proceed, such a finding would have merely delayed the inevitable, and the plea offer would have expired. Considering the risks, the state court reasonably determined that counsel's decision to allow Bolt to plead guilty was not deficient performance.

Additionally, even assuming *arguendo* that counsel should have insisted on

the competency evaluation, Bolt cannot establish that the state court unreasonably determined that the failure to hold such an evaluation did not result in prejudice. On post-conviction review, the state court held an evidentiary hearing before ultimately finding that Bolt was competent to plead guilty on the day in question. The post-conviction court's finding was not an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**